### ENOCH SACKETT *vs.* RANSFORD KELLOGG.

The Rev. Sts. *c.* 113, § 27, do not authorize the commencement of an action of replevin in the court of common pleas, in any case coming within the provisions of § 17; although the value of the cattle, alleged to be unlawfully taken or detained, exceeds twenty dollars.

Where a writ of replevin for cattle, brought originally in the court of common pleas, alleged that the cattle were "now detained in the town pound;" and the defendant moved, that the action be dismissed, on the ground, that it was brought for the replevin of beasts, distrained or impounded in order to recover a penalty or forfeiture, supposed to have been incurred for their going at large, or to obtain satisfaction for damages alleged to have been done by them, and, consequently, that by the Rev Sts. *c.* 113, § 17, the action should have been commenced before a justice of the peace; it was held, that it did not appear, on the face of the writ, that the action was brought for any of the causes stated in § 17 of the same chapter. But, if it appear *aliunde,* in the course of the trial, that the cause of action is within § 17, a motion may then be made, and the action dismissed, on the ground, that the court has no jurisdiction.

THE plaintiff brought an action of replevin in the court of common pleas, for certain cattle described in the writ, and alleged to be his goods and chattels.

Sackett *v.* Kellogg.

The writ directed the officer therein named (the constable of Southwick) to replevy the cattle, which were stated to be " now detained by " the defendant " in the town pound at Southwick," and to summon the defendant to answer to the plaintiff, " in a plea of replevin, for that the said Ransford, on &c., at &c., unlawfully and without any justifiable cause, took the goods and chattels of the said Enoch, as aforesaid, and them unlawfully detained to this day, to the damage, &c., the sum of seventy dollars ; " provided the plaintiff should give bond to the defendant, with sufficient surety or sureties, in the sum of twice the value of the goods and chattels replevied, to prosecute the action to final judgment, &c., and to return the same goods and chattels, in like good order as when taken, in case such should be the final judgment.

The parties agreed upon the value of the cattle, by a written instrument under their hands, and the plaintiff made a bond to the defendant, with the sureties, and in the manner, required by the writ of replevin. The officer replevied the cattle, according to the directions of the writ, and returned the same, with the bond and agreement, into the clerk's office.

The defendant moved, in the court of common pleas, that the action be dismissed, on the ground, that it should have been brought, in the first instance, before a justice of the peace, and not originally in that court. This motion was refused, and the defendant filed exceptions.

*P. Boise,* for the defendant, referred to the Rev. Sts. *c.* 113, §§ 17, 18, 26, 27, 28 ; *Jordan* v. *Dennis,* 7 Met. 590; *Small* v. *Swain,* 1 Greenl. 133 ; *Ridlon* v. *Emery,* 6 Greenl. 261.

*W. G. Bates,* for the plaintiff.

Dewey, J. The motion to dismiss this action is placed upon the ground, that it is an action of replevin, instituted to recover the possession of beasts distrained or impounded, in order to recover a penalty or forfeiture, supposed to be incurred by their going at large, or to obtain satisfaction for damages alleged to have been done by them, under the provisions of the Rev. Sts. *c.* 113, § 17.

If it were apparent upon the face of the writ, that such

8 *

was the cause of action, this motion might properly have been made, and we should have felt it our duty to dismiss the action, as improperly commenced in the court of common pleas. In all cases like that supposed, the suit must be originally instituted before a justice of the peace. Upon examination of the various provisions in the revised statutes, in relation to the action of replevin, the court are satisfied that such is the proper view of the law on this subject. Ample provision is made for securing fully all the rights to parties, that would attach if the action was instituted in the court of common pleas; inasmuch as § 26 provides for a removal of the case from a justice of the peace to the court of common pleas, for trial, at the request of either party, if 't appear that the damages demanded exceed twenty dollars; or that the property of the beasts replevied is in question, and the value of the same exceed the sum of twenty dollars; or that the title to real estate is concerned.

The writ of replevin, returnable before a justice of the peace, may be a more speedy remedy, and is required by the statute as the incipient step for a judicial investigation, as to the right of a party to detain beasts distrained to recover a forfeiture for going at large, or to obtain satisfaction for damages done by them.

It was urged in the argument, that § 27 of *c.* 113 authorizes the institution of the action of replevin in the court of common pleas, in all cases where property of the value of more than twenty dollars is unlawfully taken or detained. The language of that section may be broad enough to warrant such construction, if the section were to be considered alone. But, upon examining the various provisions in other sections of this chapter, we are of opinion, that § 27 was not intended to embrace the case specifically provided for in § 17, and does not authorize an action to be originally instituted in the court of common pleas, in cases falling within § 17.

This motion to dismiss, however, as now presented, cannot prevail, as it is founded wholly upon matter apparent upon the face of the writ; and, in order to sustain the motion, it

must appear, that this is an action of replevin " for beasts distrained or impounded in order to recover a penalty for their going at large, or to obtain satisfaction for any damages alleged to have been done by them." The writ only alleges that the beasts are " now detained in the town pound." Such detainer may be for other alleged causes than those described in § 27. The detention of the beasts by the defendant may have been under a claim of title to the property, or for other causes which would not authorize and require the action to be originally instituted before a justice of the peace. It was suggested, that the proceedings connected with the suit, in relation to the appraisement of the beasts, and the giving of the bond to prosecute the suit of replevin, might aid the defence in this respect and supply this defect. Without deciding whether it would be competent to refer to the appraisement and bond, in aid of this motion to dismiss, the court are of opinion, that they do not show any such additional facts as bring the case within § 17.

A motion to dismiss an action, for matter apparent upon the record, must be strictly confined to the facts thus appearing. When it is to be shown *aliunde*, a plea in abatement will generally be required, setting forth the facts relied on, and upon such plea issue may be joined. In a case like the present, however, where the question is one of jurisdiction, if, during the progress of the trial, it appear from the evidence introduced, that the only cause of action, upon which the plaintiff has instituted his replevin, was, that the beasts replevied were detained for the causes set forth in § 17, then a motion may be made, and properly entertained, to dismiss the action upon that ground. If the parties agree to the fact, that the beasts were distrained for the causes set forth in § 17 of *c.* 113, then the action may now be dismissed; otherwise, the present motion to dismiss must be overruled, and the case remanded to the court of common pleas for further proceedings.